UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                         :
VORNADO REALTY TRUST, et al.                             :
                                                         :
                              Plaintiffs,                :
                                                         :       **MEMORANDUM & ORDER**
                    -against-                            :
                                                         :       08-CV-4823 (DLI)(JO)
MARUBENI SUSTAINABLE ENERGY,                             :
INC. a/k/a DG ENERGY SOLUTIONS                           :
LLC, et al.,                                             :
                              Defendants.                :
------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

Pursuant to 28 U.S.C. §§ 157 and 1404(a), defendant Castlton Environmental

Contractors, LLC ("CEC") moves to transfer the claims asserted against it in the instant action

from this court to the United States District Court for the Southern District of New York

("S.D.N.Y."), with a recommendation that the matter be referred to the S.D.N.Y. Bankruptcy

Court. Plaintiffs oppose the motion on the grounds that such a transfer would be both inefficient,

and contrary to their strong interest in litigating this matter in this district. For the reasons set

forth below, defendant's motion is denied.

## I.      Background

In September of 2000, Castlton Environmental Contractors, Inc. (the "Original Entity,"

not to be confused with defendant CEC) assisted in the design and installation of a system of oil

storage tanks on property owned by Vornado Realty Trust, Alexander's Inc., Alexander's of

Brooklyn, Inc., Alexander's Kings Plaza Center, Inc., and Alexander's Kings Plaza, LLC

(collectively, the "plaintiffs") at the Kings Plaza Shopping Center in Brooklyn, New York.

(Amend. Compl. at 2, 5.) On September 30, 2003, the Original Entity filed for Chapter 11

bankruptcy protection in the S.D.N.Y. (Pls.' Declr. in Opp. Mot. to Trans. Ven. ("Doc. 53"), Ex. E at 1.)  During the bankruptcy proceedings, on March 26, 2004, CEC became incorporated under the laws of the state of Delaware. (Mot. to Trans. Ven. ("Doc. 32-1") at 3.)  CEC then purchased certain liquidated assets of the Original Entity, in accordance with the bankruptcy court's April 16, 2004 sale order.[1]

On July 6, 2006, plaintiffs discovered a petroleum leak at the Kings Plaza site, allegedly from the storage tanks installed, in part, by the Original Entity. (Amend. Compl. at 6.)  Plaintiffs then commenced the instant action against CEC and other named and unnamed defendants, pursuant to the federal Resource Conservation and Recovery Act and several state causes of action. (Amend. Compl. at 1–3.)  On January 29, 2009, CEC filed the instant motion, requesting that the claims against it be transferred to the S.D.N.Y. with a recommendation for referral to the bankruptcy court.[2]

The first issue before this court is whether the Order precludes it from adjudicating the instant matter.  If the Order does not, this court must nevertheless determine whether to transfer venue pursuant to its discretion under 28 U.S.C. § 1404.  For the reasons set forth below, the court finds it is not precluded from adjudicating this matter and the motion to transfer venue is denied.

II.    Discussion

A.  Bankruptcy Court's Power to Preclude District Court Proceedings

---

[1] *Id.*; *see* Order Authorizing Debtors to Sell Substantially All Business Assets, No. 03-23649 (Bankr. S.D.N.Y., Apr. 16, 2004) (hereinafter the "Order").  The Order is included as Ex. A to the Declaration of Greg Trif ("Doc 32-3") in support of the instant motion, and as Ex. B to the Declaration of Daniel R. Lavoie ("Doc. 53") in opposition.

[2] Doc. 32-1 at 2.  No other defendants have joined CEC in this motion.

Defendant CEC contends that the following language contained in the Order deprives this court of jurisdiction over this matter, retaining for the bankruptcy court:

> sole and exclusive jurisdiction with respect to (a) any matter arising from or related to [the Order]; (b) the enforcement and implementation of [the Order]; (c) the resolution of any and all disputes under or related to [the Order]; and (d) the interpretation of [the] Order.

(Order ¶ 18.) CEC further contends that only the S.D.N.Y. Bankruptcy Court may interpret and enforce its Order. Plaintiffs oppose defendant's motion, arguing that this court may in fact adjudicate their claims and CEC's defense.[3] With respect to the court's exercise of discretion to transfer this matter, plaintiffs oppose transfer on the grounds that it would be inefficient, creating duplicate litigation from the same nexus of facts in two different venues.[4] Furthermore, plaintiffs argue that their choice of the Eastern District as the forum to litigate their claims weighs heavily against a transfer.

In the Second Circuit, "[a] bankruptcy court retains post-confirmation jurisdiction in a Chapter 11 proceeding only to the extent provided in the plan of reorganization." *In re Johns-Manville Corp.*, 7 F.3d 32, 34 (2d Cir. 1993) (citations omitted). For this reason, jurisdictional retention language similar to that contained in the Order is common. *See, e.g.*, *Savoy Senior Housing Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 596–97 (S.D.N.Y. 2009); *Carcasole-Lacal v. American Airlines, Inc.*, No. 02-CV-4359, 2003 WL 21525484, at *4 n.12 (E.D.N.Y.

---

[3] This defense is based on a theory that there is no successor liability between the Original Entity and CEC. Although both parties have partially briefed this theory in their respective memoranda, it need not be addressed in the instant opinion.

[4] Plaintiffs also oppose venue transfer on res judicata grounds. In May 2008, the S.D.N.Y. Bankruptcy Court briefly reopened the bankruptcy case to hear CEC's motion for an injunction preventing an unrelated plaintiff from asserting claims against it in the Superior Court of New Jersey. (Doc. 53, Ex. E.) The Bankruptcy Court denied this motion with prejudice in June 2008, and subsequently re-closed the case. (Doc. 53, Ex. D.) The court need not reach the merits of this res judicata argument in order to resolve the instant motion.

July 8, 2003). Such language ensures that bankruptcy courts retain jurisdiction to "interpret and enforce [their] own orders, particularly when disputes arise over a . . . plan of reorganization." *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002).

Although a bankruptcy court may *retain* jurisdiction via its own order, it cannot *divest* a district court of jurisdiction, especially after the underlying bankruptcy proceeding has been closed. *See Savoy Senior Housing Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 596 (S.D.N.Y. 2009). In *Savoy Senior Housing Corp.*, the court rejected an argument similar to CEC's, noting that "regardless of how a confirmation order may read, it does not 'confer' jurisdiction." *Id.* at 597. The S.D.N.Y. further noted that "the Bankruptcy Court is an arm of this Court; if this Court lacks subject matter jurisdiction, then so does the Bankruptcy Court."[5]

CEC cites two cases in support of its novel position, neither of which is persuasive.[6] In *176-60 Union Turnpike, Inc. v. Howard Beach Fitness Center*, 209 B.R. 307, 311–12 (S.D.N.Y. 1997), the defendant successfully moved to transfer a breach of contract action from the S.D.N.Y. to the bankruptcy court in this district. However, unlike the instant case, that defendant was a party in a *pending* bankruptcy, with which the breach of contract action was consolidated. *Id.* at 310. The instant case is distinguishable because the bankruptcy here was resolved and closed several years before the instant action was filed. (*See* Doc. 53, Ex. E at 2–4.)

The second case relied on by CEC stands for the proposition that a bankruptcy court can, pursuant to its own order, enjoin a contradictory *state* court proceeding. *See In re Birting*

---

[5] *Id.* at 596. The *post*-confirmation power at issue here should not be confused with a bankruptcy courts' well-established power to stay civil proceedings involving parties to an *ongoing* bankruptcy. *See* 11 U.S.C.A. § 362(a)(1) (2004).

[6] CEC also moves to transfer pursuant to 28 U.S.C. § 157. This is the general bankruptcy procedure statute, and no subsection therein gives a bankruptcy court the power to divest a district court of jurisdiction as CEC suggests. *See generally* 28 U.S.C.A. § 157 (2006).

*Fisheries, Inc.*, 300 B.R. 489, 501 (9th Cir. 2003). CEC's reliance on this case is misplaced. State courts do not stand in the same position as federal district courts, to which bankruptcy courts are clearly subordinate.[7] The court declines to adopt CEC's unsupported proposition, and finds that is not bound by the Order's jurisdictional retention clause; therefore, it is not required to transfer venue to the S.D.N.Y. on this ground.

### B. District Court Discretion to Transfer Venue

The general federal venue transfer statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (2006). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In exercising its discretion, a court may consider the following non-exhaustive list of factors, none of which is dispositive: plaintiffs' choice of forum; convenience of witnesses and parties; locus of operative facts; ease of access to sources of proof; relative means of parties; availability of process to compel witness attendance; trial efficiency and interests of justice; and the forum's familiarity with governing law. *See Zaitsev v. State Farm Fire & Cas. Co.*, No. 05-

---

[7] *See, e.g.*, 28 U.S.C.A. § 157(c)(1) (2006) (requiring district court approval of bankruptcy judges' findings in non-core proceedings); 28 U.S.C.A. § 157(d) (2006) (allowing for withdrawal, on district courts' own motion, of cases previously referred to bankruptcy judges); 28 U.S.C.A. § 158(a) (2006) (establishing district court jurisdiction over appeals from bankruptcy courts); 9 AM. JUR. 2D *Bankruptcy* § 391 (2009) ("The bankruptcy court is bound by the decisions of the district court even if a bankruptcy judge concludes that the clear nonconflicting precedent of the district court was wrongly decided.") (citations omitted). *See generally* 8A C.J.S. *Bankruptcy* §§ 21, 214 (2009) (describing powers of district courts in relation to bankruptcy judges).

CV-2098, 2005 WL 3088326, at *1 (E.D.N.Y. Nov. 17, 2005); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006).

As an initial matter, "[t]he party seeking transfer has the burden of making a clear-cut showing that transfer is warranted in light of these factors." *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) (citations and internal quotations omitted). Given that CEC addressed none of the aforementioned factors, it has failed to meet this burden. *See id.* at 168. Indeed, CEC did not even address whether venue would be proper in the transferee forum, a threshold requirement. *See id.* at 168 n.3.

CEC's argument still fails, even when examining the aforementioned factors out of an excess of caution and in the "interest of justice." 28 U.S.C.A. § 1404(a) (2006); *see also Zaitsev*, 2005 WL 3088326, at *1. Regarding plaintiff's choice of forum, it is well established that it "should not be disturbed unless the balance of the factors . . . tips heavily in favor of a transfer." *Fine Foods Int'l (New York) v. N. Am. Fine Foods, Inc.*, No. 99-CV-1062, 1999 WL 1288681, at *6 (E.D.N.Y. Nov. 12, 1999) (citations and internal quotations omitted). Here, the fact that the Eastern District of New York ("E.D.N.Y.") is plaintiffs' chosen forum militates heavily *against* transfer. *See id.* Furthermore, the installation of the storage tanks, which gave rise to plaintiffs' claims, undisputedly occurred in this district. Thus, the strong nexus between the underlying facts and the E.D.N.Y. also weighs against a transfer. *See Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002).

Regarding trial efficiency, as litigation against the remaining defendants would continue in this district, even without CEC, severing and transferring the latter's claim would have the inefficient result of litigating the same case in two districts, and possibly lead to inconsistent rulings on the same set of facts. Moreover, such transfer would unjustifiably increase the

S.D.N.Y.'s calendar congestion without an offsetting decrease in this district. *See Royal Ins. Co. of America v. Tower Records, Inc.*, No. 02-CV-2612, 2002 WL 31385815, at \*8 (S.D.N.Y. Oct. 22, 2002) ("trial efficiency . . . relates largely to issues of judicial economy, primarily the docket conditions and calendar congestion of both the transferor and the transferee districts."). Indeed, a transfer would likely result in *two* additional procedural steps before the merits of CEC's defense could be reached: a referral from the S.D.N.Y. back to the bankruptcy court, and then a determination by the latter regarding whether to reopen a matter it first closed in 2006. (*See* Doc. 53, Ex. E at 2–4.)

With respect to the convenience of the parties and potential witnesses, the court takes judicial notice of the fact that the S.D.N.Y. and the E.D.N.Y. are quite close to one another, being a mere fifteen-minute subway ride apart. Therefore, convenience of neither parties nor witnesses tips "the balance of factors . . . in favor of a transfer." *Fine Foods Int'l (New York)*, 1999 WL 1288681, at \*6. A final factor, familiarity with the governing law, is likewise unhelpful to CEC. *See Zaitsev*, 2005 WL 3088326, at \*1. Both the transferring and transferee districts will apply the law of New York, with which this court is familiar. Indeed, this court is capable of both interpreting the Order and evaluating the merits of CEC's successor liability defense, making transfer unnecessary as well as inefficient.

**Conclusion**


For the reasons set forth above, defendant CEC's motion to transfer venue is denied.



SO ORDERED.


Dated: Brooklyn, New York
      November 4, 2009

_____
/s/
DORA L. IRIZARRY
United States District Judge