UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
VORNADO REALTY TRUST,                              :
ALEXANDER'S INC., ALEXANDER'S OF                   :
BROOKLYN, INC., ALEXANDER'S KINGS                  :          **SUMMARY ORDER**
PLAZA CENTER, INC., ALEXANDER'S                    :          08-CV-04823 (DLI) (JO)
KINGS PLAZA, LLC,                                  :
                                                   :
                        Plaintiffs,                :
                                                   :
-against-                                          :
                                                   :
CASTLTON ENVIRONMENTAL                             :
CONTRACTORS, LLC, IVI                              :
ENVIRONMENTAL, INC., *et al.*,                     :
                                                   :
                        Defendants.                :
-------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

On September 30, 2011, the court issued an Opinion and Order (the "Opinion"), denying motions for summary judgment brought by Defendants IVI Environmental, Inc. ("IVI") and Castlton ("CEC"), (collectively, "Defendants"), and granting IVI's motion for summary judgment as to CEC's cross-claims for contractual contribution and contractual indemnification from IVI.[1]  (Docket Entry No. 208.)  IVI and CEC filed their motions for reconsideration of the Opinion on October 20, 2011 and October 21, 2011, respectively.  Plaintiff opposed both motions.  For the reasons set forth below, Defendants' motions are denied.  However, the court's September 30, 2011 Opinion is amended and modified to the extent the instant Summary Order clarifies the court's Opinion.

---

[1] Familiarity with the facts and background of this matter as set forth in the Opinion is assumed, and, thus, shall not be repeated herein.  Only those facts necessary to the discussion shall be set forth herein.

Defendants bring the instant motions for reconsideration pursuant to Local Rule 6.3.[2]  As an initial matter, Local Rule 6.3 states that a motion for reconsideration must be served "within fourteen (14) days after the entry of the Court's determination of the original motion."  In the instant action, the court's determination of the motion for summary judgment was on September 30, 2011 and, thus, IVI's motion for reconsideration pursuant to Local Rule 6.3 is time-barred.  However, even if Defendants intended to bring the instant motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and, thus, timely, IVI's motion for reconsideration must be denied for the following reasons.[3]

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted).  Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion.  *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues.  *Gross*, 2002 WL 32096592 at *4.

---

[2] Although CEC does not explicitly state which rule it files its motion pursuant to, it notes in its motion that "pursuant to local Civil Rule 6.1(b), opposition papers, if any, are to be served within fourteen (14) days after service of the moving papers and any reply memoranda within seven (7) days after service of any opposition papers."  (*See* Docket Entry No. 212.)  Thus, the court assumes that it brings its motion pursuant to the local civil rules.  Regardless, the court also analyzes the motions pursuant to Federal Rule of Civil Procedure 59(e).

[3] To the extent Defendants' motions are merely a recapitulation of the arguments set forth in their earlier briefing, the court will not readdress its arguments herein.

Here, Defendants argue that the court erred in finding that the Release was ambiguous because "any ambiguity is confined to the recital or 'whereas' clauses, but – as the District Court expressly and correctly found – there is no ambiguity in the Release's operative provisions, [thus,] the latter must be given effect." (*See* IVI's Memorandum of Law in Support of Motion for Reconsideration ("IVI Mem.") at 2.) Even if a "whereas" clause can only be used to interpret the operative portion of a contract where the operative language is ambiguous, (*see* IVI Mem. at 2-6), reconsideration is not warranted in the instant case.

"Whether a contract is ambiguous is a question for the court." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F. 3d 509, 514-15 (2d Cir. 2001) (citations omitted). Contrary to IVI's assertion, (*see* IVI Mem. at 3), the court never held that the *entire* operative portion of the agreement was clear and ambiguous, but noted that "*at first glance*, the language of the Release here is clear and unambiguous." (*See* Opinion at 8-9 (emphasis added).) Although the court did not discuss all instances of ambiguity in the Release in its Opinion, it did consider them in its decision. The operative language of the Release also states that "[i]t is hereby mutually understood and agreed that this settlement is a compromise of disputed claims and is not to be construed or interpreted in any way as an admission of liability . . . on the counterclaims," which implies that the parties intended the Release to apply only to the claims that were disputed in the state court action. (Release at 3 ¶ 4.) Thus, this language creates ambiguity in the operative portion of the Release for reasons similar to the ambiguity created by the "whereas" clauses detailed by the court in its Opinion, *i.e.*, whether the Release was intended to cover the settlement of only those claims at issue in the state court action. As a result, the court properly relied on the "whereas" clauses to attempt to interpret the ambiguous Release, and properly held that the Release as a whole was ambiguous. (*See* Opinion at 8-9); *Aramony v. United Way of America*, 254 F. 3d 403, 413 (2d

3

Cir. 2001) ("[a]lthough a statement in a whereas clause may be useful in interpreting an ambiguous operative clause in a contract, it cannot create any right beyond those arising from the operative terms of the document.") (citations and internal quotation marks omitted).

IVI also argues that the court's determination that the Release here is ambiguous is unreasonable in general, and was improperly based on extrinsic evidence.  (IVI's Reply Memorandum in Support of Motion for Reconsideration ("IVI Reply") at 3-6, 8-9.)  Although Defendants are entitled to disagree with the court's findings, "[w]hether a contract is ambiguous is a question for the court."  *Golden Pac. Bancorp*, 273 F. 3d at 514-15.  For the reasons stated in the court's Opinion and the instant Summary Order, the court reasonably determined that the Release is ambiguous, and only then did the court look at extrinsic evidence to determine the intent of the parties.  *See id.* at 517.  Thus, these arguments by Defendants do not constitute exceptional circumstances warranting reconsideration.

In sum, the court did not err in its Opinion that the Release at issue here is ambiguous, and Defendants have otherwise failed to demonstrate the existence of exceptional circumstances warranting reconsideration.  Accordingly, Defendants' motions for reconsideration are denied. This Summary Order amends and modifies the September 30, 2011 Opinion to the extent it provides clarity to that Opinion.

SO ORDERED.

Dated: Brooklyn, New York
          November 16, 2011

                                                                    /s/
                                         _____
                                                        DORA L. IRIZARRY
                                                  United States District Judge