UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VORNADO REALTY TRUST,
ALEXANDER'S INC., ALEXANDER'S OF
BROOKLYN, INC., ALEXANDER'S KINGS
PLAZA CENTER, INC., ALEXANDER'S
KINGS PLAZA, LLC,

                    Plaintiffs,

    -against-

CASTLTON ENVIRONMENTAL
CONTRACTORS, LLC,
IVI ENVIRONMENTAL, INC., *et al.*,

                    Defendants.
-------------------------------------------------------------X

**DECISION AND ORDER**
08-CV-4823 (WFK) (JO)

**WILLIAM F. KUNTZ, II, United States District Judge**

## QUESTION PRESENTED

Does the Court have the authority to reverse, rescind, vacate, or otherwise modify an earlier decision entered by Judge Irizarry, denying Defendant IVI's motion for summary judgment? To the extent the Court has such authority, what is the scope of that authority?

## CONCLUSION

Federal Rule of Civil Procedure 54(b) gives district courts broad discretion to reconsider, reverse, or modify interlocutory orders previously entered in a given case. However, district courts should generally only revisit earlier interlocutory orders if (1) there has been an intervening change in controlling law, (2) there is new evidence, or (3) there is a need to correct

1

a clear error or to prevent manifest injustice. In this case, in order to succeed on its renewed motion for summary judgment, Defendant IVI must demonstrate both that its new evidence was not in its possession or available upon the exercise of due diligence at the time it made its first motion for summary judgment, and that manifest injustice will result should the Court not reconsider the earlier decision denying summary judgment.

## DISCUSSION

At the outset, it is important to note that a district court judge faces no barriers to modifying or vacating an earlier interlocutory order simply because that order was entered by a different judge. *See Wright v. Cayan*, 817 F.2d 999, 1002 n.3 (2d Cir. 1987) ("[I]t is clear that a second judge has the power to grant summary judgment despite another judge's previous denial of summary judgment."); *Corporacion de Mercadeo Agricola v. Mellon Bank Int'l*, 608 F.2d 43, 48 (2d Cir. 1979) ("The first judge always has the power to change a ruling; further reflection may allow a better informed ruling in accordance with the conscience of the court. A fortiori, if the first judge can change his mind after denying summary judgment and change his ruling, a second judge should have and does have the power to do so as well."); *Aronoff v. Dwyer*, 913 F. Supp. 286, 289–90 (S.D.N.Y. 1996) (Conner, J.) (declining to modify interlocutory order issued by a different judge for failure to present new evidence or show manifest injustice).

In the present case, Defendant IVI does not style its proposed motion as one for reconsideration under Rule 54(b), but rather as a new motion for summary judgment. However, the standard for considering a renewed motion for summary judgment is the same as that for a motion for reconsideration, as both motions are governed by the "law of the case" doctrine. *See Corporacion de Mercadeo Agricola*, 608 F.2d at 48; *Wechsler v. Hunt Health Sys., Ltd.*, 198 F.

Supp. 2d 508, 524 (S.D.N.Y. 2002) (Leisure, J.) (applying law of the case doctrine to renewed motion for summary judgment with respect to claims fully addressed in earlier decision).

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Some courts have described Rule 54(b) in sweeping terms. *See, e.g., Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402 (2d Cir. 1999) ("All interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain.") (citing Fed. R. Civ. P. 54(b)); *Williams v. County of Nassau*, 779 F. Supp. 2d 276, 280 (E.D.N.Y. 2011) (Mauskopf, J.) ("A district court retains absolute authority to reconsider or otherwise affect its interlocutory orders any time prior to appeal."); *Jackson v. Roach*, 364 F. App'x 138, 139 (5th Cir. 2010) ("[T]he denial of a motion for summary judgment is an interlocutory order, which the trial court may reconsider and reverse for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.").

However, "[e]ven if Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Id.* (citations omitted). But "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). "The objective of the law of the case doctrine includes promoting efficiency and avoiding endless litigation by allowing each stage of the litigation to build on the last and not afford an opportunity to reargue every previous ruling." *McGee v. Dunn*, No. 09 Civ. 6098, 2013 WL 1628604, at *3 (S.D.N.Y. Apr. 16, 2013) (Stamp, J.) (internal editing and quotation marks omitted).

District courts in the Second Circuit strictly adhere to this approach. *See, e.g., In re Nassau County Strip Search Cases*, Nos. 99-CV-2844, 99-CV-3126, 99-CV-4238, 2013 WL 3805659, at *3 (E.D.N.Y. July 18, 2013) (Hurley, J.) ("[T]he Second Circuit has 'repeatedly stated [that it] will not depart from the law of the case absent cogent or compelling reasons.'") (citation omitted); *Sikhs for Justice v. Nath*, 893 F. Supp. 598, 605 (S.D.N.Y. 2012) (Sweet, J.) ("Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'") (citation and internal quotation marks omitted); *Rockland Exposition, Inc. v. Alliance of Automotive Serv. Providers of New Jersey*, 894 F. Supp. 2d 288, 339–41 (S.D.N.Y. 2012) (Karas, J.) ("In the absence of these circumstances, a motion for reconsideration is normally inappropriate, and the district court's decision 'may not usually be changed.'") (citation omitted).

In most instances, district courts decline to reverse or modify an earlier interlocutory order. *See, e.g., Sikhs for Justice*, 893 F. Supp. 2d 606–09 (denying motion to reconsider earlier grant of motion to dismiss because plaintiffs failed to raise controlling law or overlooked facts); *Rockland Exposition*, 894 F. Supp. 2d at 339–45 (denying motion to reconsider earlier grant of partial summary judgment on breach of contract claim because movant failed to marshal new evidence or show manifest injustice); *Aronoff v. Dwyer*, 913 F. Supp. 286, 289–90 (S.D.N.Y.

4

1996) (Conner, J.) (declining to modify interlocutory order issued by a different judge for failure to present new evidence or show manifest injustice); *McGee*, 2013 WL 1628604, at *5–11 (denying motion to reconsider earlier dismissal of most claims and defendants in § 1983 action); *but see In re Nassau County Strip Search Cases*, 2013 WL 3805659, at *7–12 (reversing earlier grant of summary judgment for plaintiffs due to intervening change in governing law).

In the present case, the only basis on which the Court might reconsider the earlier order denying defendant IVI's motion for summary judgment is the presence of new evidence. Specifically, addressing the scope of the settlement and release agreement at issue here, IVI puts forth an April 30, 2013 deposition of Joseph Macnow, the signatory of the release on behalf of the Plaintiffs. According to IVI, Macnow testified that based on his reading of the document he signed, Plaintiffs released IVI of any and all past, present, or future claims they had arising from the master agreement underlying IVI's work at the Kings Plaza Shopping Center.

"When arguing for reconsideration based on new evidence, the moving party 'must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered.'" *Rockland Exposition*, 894 F. Supp. 2d at 339 (citation omitted). "Furthermore, the movant must show that 'manifest injustice will result if the court opts not to reconsider its earlier decision.'" *Id.; see also In re Rezulin Products Liability Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (Kaplan, J.). "In determining whether reconsideration is warranted, the Court may also consider the timeliness of the motion, a tardy movant's explanation for not presenting the evidence earlier, and the potential prejudice to the opposing party which may result from granting the motion.'" *Rockland Exposition*, 894 F. Supp. 2d at 339. Finally, "if the movant had the opportunity to

present the evidence or litigate the issue earlier but did not do so, either because of inadvertence or as a strategic maneuver, the Rule 54(b) motion should be denied." *Id.*

To prevail on its proposed renewed motion for summary judgment, Defendant IVI will have to show that the April 30, 2013 deposition testimony was not available upon the exercise of due diligence when it first moved for summary judgment. Moreover, IVI will also have to show that manifest injustice will result if the Court does not reconsider the earlier summary judgment decision.

**SO ORDERED**

Dated: Brooklyn, New York
October 18, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge